UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-642 GMS/LPS |
| | ) |
| STATE OF DELAWARE, and | ) |
| DEPARTMENT OF STATE, DIVISION | ) |
| OF CORPORATIONS, | ) |
| | ) |
| Defendants. | ) |

### STATE OF DELAWARE AND DEPARTMENT OF STATE, DIVISION OF CORPORATION'S ANSWER OPPOSING PLAINTIFF'S MOTION TO JOIN OTHER PARTIES AND AMENDMENT OF PLEADINGS

NOW COME Defendants the State of Delaware and the Department of State, Division of Corporations ("State Defendants"), by and through counsel, and hereby oppose Plaintiff's Motion to Join Other Parties and Amendment of Pleadings, filed May 20, 2008 ("Motion") (D.I. 13) and state:

1. On or about October 12, 2007, Plaintiff filed her Complaint against the above State Defendants, in which she alleges discrimination on the bases of national origin and age, concerning her applications for Corporate Administrator and temporary positions of Corporate Assistants with the State Defendants. (D.I. 2).

2. On March 17, 2008, State Defendants filed their Answer to the Complaint. (D.I. 10).

3. This Honorable Court entered a Scheduling Order (D.I. 11), which includes the following deadlines:

    a.    May 19, 2008: All motions to join parties and amend pleadings to be filed;
    b.    September 19, 2008: All discovery to be completed;
    c.    November 19, 2008: All motions for summary judgment to be filed.

1

4.      In her Motion, Plaintiff requests that: (a) all of her six lawsuits currently pending against various, different agencies of the State of Delaware be joined into one lawsuit; (b) a new schedule for discovery for all of the lawsuits be established; and (c) her pleadings be amended to include the granting of relief as may be appropriate including injunctive orders, damages and costs. (D.I. 13).

5.      Plaintiff's "motion to join" is, in reality, a Motion to Consolidate. *Fed. R. Civ. Pro.* 42(a). A prerequisite to any consolidation of actions is a common question of law or fact. *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 WL 2892707 at 3 (D. Del. Sept. 30, 2007) (citation omitted); *Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736 at 1 (D. Del. July 26, 2001); *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298 at 1309 (D. Del. 1981) "This rule affords the district court discretion concerning the purposes and scope of consolidation." *Dow Chemical Co. v. Reinhard*, 2007 WL 3379688 at 3 (E.D. Mich. Nov. 13, 2007) (citation omitted).

6.      Plaintiff has made no allegation or argument or offered no reason as to the basis for her request to consolidate her six lawsuits. (D.I. 13).  Also, Plaintiff has not met any burden as to meeting the standard for consolidation, including the existence of "common questions of law or fact." *Borough of Olyphant v. PPL Corp.*, 2005 WL 2673489 at 3 ($3^d$ Cir. Oct. 20, 2005) (moving party bears burden of proof); *Dow Chemical, supra*. Indeed, the facts differ with respect to each of Plaintiff's cases. In the case at bar, Plaintiff alleges age and national original discrimination concerning her applications for Corporate Administrator and Corporate Assistant positions with the State Defendants. Each of Plaintiff's cases involves different State agencies, different job postings, different applicants, different State employees as witnesses, and different facts

concerning Plaintiff's applications for employment.[1]  Clearly, evidence would be presented concerning factual circumstances for this case that would not be relevant to Plaintiff's five other cases. Therefore, consolidation should be denied. *Richardson v. U.S. Airways Group, Inc., et al.*, 2001 WL 849701 at 2 (E.D. Pa. July 16, 2001).

7.  Additionally, consolidation would not provide expeditious results, conservation of resources, or avoidance of inconsistent results. *Dow Chemical, supra.* The Department of State is a State agency separate and apart from other State agencies. Because there are different State agencies and different positions at issue here, there will be different witnesses for each of the different positions for each of Plaintiff's lawsuits. To the contrary, consolidation would prevent expeditious results.

8.  Further, consolidation here would produce an unreasonably complicated trial that would prejudice the rights of the Department of State, Division of Corporations. *Richardson, supra.* Different witnesses and their testimony for each of the different positions and lawsuits would be presented, and likely create confusion in the minds of potential jurors, which certainly outweighs the benefit of any possible convenience or economy to be obtained from consolidation. *Id.* Consolidating the actions would be highly prejudicial to the State Defendants here in that a jury may fail to realize that evidence by one witness in one case would not prove or disprove a contention in another of Plaintiff's several cases being tried at the same time. For example, there are multiple positions that are the bases of Plaintiff's case here involving the State Defendants, and at

---

[1] The facts differ from Plaintiff's other pending suits against other State agencies. *See, e.g., Shahin v. State of Delaware, Dept. of Transportation*, C.A. No. 07-452 GMS (alleged age discrimination concerning Assistant Director Financial Management posting); *Shahin v. State of Delaware, Dept. of Transportation*, C.A. No. 07-641 GMS (alleged national origin and age discrimination for Accountant posting); *Shahin v. State of Delaware, Office of Management and Budget*, C.A. No. 07-643 GMS (alleged national origin and age discrimination for Senior Accountant posting); *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 07-644 GMS (alleged national original and age discrimination from 2005-2006 for postings of Accountant II, Accountant IX (4 positions) and Accountant V); and *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 06-289 GMS (alleged age discrimination).

least three positions concerning Plaintiff's case against the Department of Finance in *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 07-644 GMS.

9. Also, this Honorable Court has already entered varying Scheduling Orders concerning Plaintiff's cases or otherwise may be in different procedural postures. *See, e.g., Shahin v. State of Delaware, Dept. of Finance*, C.A No. 06-289 GMS.[2]

10. Last, Plaintiff's Motion was filed May 20, 2008, after the Scheduling Order deadline of May 19, 2008 for moving to join other parties and amend the pleadings. (D.I. 11).

WHEREFORE, Defendants State of Delaware and Department of State, Division of Corporations request that Plaintiff's Motion to Join Other Parties and Amendment of Pleadings be denied.

                                                Respectfully submitted,
STATE OF DELAWARE
DEPARTMENT OF JUSTICE

*/s/ Laura L. Gerard*
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorneys for State of Delaware and
Dept. of State, Div. of Corporations

Dated: June 10, 2008

---

[2] This Honorable Court dismissed most of Plaintiff's claims in that case except to the extent Plaintiff is seeking prospective injunctive relief against the Dept. of Finance; a Motion for Reargument on that issue is pending. It appears that Plaintiff has an unfortunate history with this Court and the Courts of this State, including a recent award of attorney's fees against her for repeated, meritless litigation. *Shahin v. Del-One Delaware Federal Credit Union*, --- WL ----, No. 93-2007 (Del. June 9, 2008).

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, I electronically filed the attached State of Delaware, Dept. of State, Division of Corporations' Answer Opposing Plaintiff's Motion to Join Other Parties and Amendment of Pleadings, with the Clerk of Court using CM/ECF and mailed by United States Postal Service, the document(s) to the following non-registered participants:

<u>By U.S. Mail, first class (2 copies):</u>
Ms. Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

                                    STATE OF DELAWARE
                                    DEPARTMENT OF JUSTICE

                                    */s/ Laura L. Gerard*
                                    Laura L. Gerard (DE I.D. #3202)
                                    Deputy Attorney General
                                    Carvel State Office Building
                                    820 North French Street, 6th Floor
                                    Wilmington, DE 19801
                                    (302) 577-8400
                                    Laura.Gerard@state.de.us