IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-642-GMS |
| | ) |
| STATE OF DELAWARE, Department of | ) |
| State, Division of Corporations, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Nina Shahin ("Shahin"), who proceeds *pro se*, filed this lawsuit on October 16, 2007, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 through 634. (D.I. 2.) Shahin alleges discrimination by reason of national original and age and retaliation for filing prior charges of discrimination. She seeks the maximum relief allowed by law. Before the court are Shahin's motions to extend the discovery deadline, to compel, for summary judgment, and for sanctions. (D.I. 22, 23, 24, 30.) For the reasons that follow, the court will deny the motions.

**II. BACKGROUND**

Shahin has filed numerous lawsuits against different agencies of the State of Delaware alleging employment discrimination. On May 20, 2008, Shahin sought to consolidate several cases, including the case at bar. (D.I. 13.) The court exercised its discretion, entered orders in Civ. Nos. 07-641-GMS and 07-644-GMS denying the motions to consolidate, applied the orders

to this case, as well as Civ. Nos. 06-289-GMS, 07-452-GMS, and 07-643-GMS, and terminated all motions to consolidate on September 30, 2009.

Shahin applied for the positions of corporations section administrator (posting #S07-13) and seasonal corporations assistant. Shahin is a white female, over fifty, of Ukranian descent.[1] (D.I. 2, ex.) She has two master's degrees; one in taxation and one in accounting. (D.I. 20, Corp642-21.) Her State application, dated November 3, 2006, states that she was a present seasonal employee of the State as well as a past seasonal State employee. (*Id.* at Corp.642-26.) She interviewed for the position of section administrator as advertised by the State. In addition, she received a telephone call from Lisa Wildemuth who requested she provide three letters of evaluation from previous employers. (D.I. 2, ex.) By letter dated October 8, 2006, Shahin was advised that she was not selected for the position. (D.I. 20, Corp642-20.) The Charge of Discrimination indicates that Shahin was denied employment by the State on November 13, 2006. (D.I. 2.)

Donna Mendes ("Mendes") was hired for the position of Section Administrator. Mendes is a white female with eighteen years experience working for the Delaware Department of State, Division of Corporations and five years experience as a supervisor. (D.I. 27, ex. ans. to interrog. 1, 2, p.1.) Mendes is a high school graduate with some additional certifications. (*Id.* at interrog. 2; D.I. 20, Corp642-01.) Her national origin is unknown. Mendes was not employed at the time she was hired to the section administrator position, although she was a past employee of the State. (D.I. 20, Corp642-04) Robert Mathers, Corporations Administrator, approved Mendes as

---

[1]The federal government classifies white as a race. *Stinebaugh v. Eldorado Stone*, Civ. No. 4:06-2210, 2008 WL 144211 n.2 (M.D. Pa. Jan. 11, 2008.)

the candidate selected for the position and she was appointed to the position on November 8, 2006. (*Id.* at interrog. 6; D.I. 20, Corp642-19.) The record contains one voluntary affirmative action statement for the corporations section administrator position. The race/ethnicity section is marked white. (D.I. 10, Corp642-45.)

Shahin also applied for the position of seasonal corporations assistant, but was not hired. The State was unable to provide the educational background of the individuals hired for the seasonal positions as it does not possess the seasonal applications. (*Id.* interrog. 2, p. 4.) It provided voluntary affirmative action statements for the seasonal corporations assistant positions. The forms provide an area to indicate race/ethnicity. Seven of the forms are marked "black" and six are marked "white." (D.I. 20, Corp642-6-18.) Of the six marked "white," written beside one is Ukrainian origin. (*Id.* at Corp642-13) Four of the five individuals who were appointed to the seasonal positions were under the age of forty. (*Id.* at interrog. 1, p. 3.) Three of the five appointees were black females. (*Id.* at pp. 3-4.) The national origin of the five appointees is unknown.

Shahin filed a charge of discrimination on December 11, 2006 alleging national origin and age discrimination as well as retaliation for filing previous charges of discrimination. The State's supplemental position statement to the Department of Labor denies that Shahin was discriminated against with regard to the seasonal positions, noted the interview process was not influenced by age or national origin, and the selected candidates were chosen based upon their credentials. (D.I. 24, ex. A.) The State also denied the retaliation allegations, stating that the

interview panel had no knowledge that Shahin had filed a previous charge of discrimination, and the hiring decisions were in no way influenced by her prior charge.[2] (*Id.*)

On May 4, 2010, Shahin filed an untimely motion for summary judgment without leave of court, opposed by the State.[3] (D.I. 24.) She has also filed a motion to extend the discovery deadline, a motion to compel, and a motion for sanctions. (D.I. 22, 23, 24, 30.)

## III. MISCELLANEOUS MOTIONS

### A. Motion to Extend Discovery Deadline

The court entered a scheduling order on March 20, 2008, setting a discovery deadline of September 19, 2008. (D.I. 11.) On March 8, 2010, one and one-half years after expiration of the discovery deadline, Shahin file a "motion for delay in discovery deadline" which the court construes as a motion to extend the discovery deadline. (D.I. 22.) Shahin filed the same motion in three other cases. (*See* Civ. Nos. 07-641-GMS; 07-643-GMS; 07-644-GMS.) The basis for her request is a pending motion for reconsideration, the four cases are in the same stage of litigation, interrogatories have been served and responded to, and she can afford to depose witnesses in only one lawsuit.

Initially, the court notes that a motion for reconsideration has not been filed in this case. Regardless, Shahin did not request an extension until long after the expiration of the discovery deadline. The court finds unavailing her reasons for an extension of time. Therefore, the court will deny the motion. (D.I. 22.)

---

[2]Shahin did not move for summary judgment on the retaliation issue.

[3]The dispositive motion deadline expired November 19, 2008. (D.I. 11.)

### B. Motion to Compel

Shahin filed a motion to compel the State to answer interrogatory No. 5 directed to the section administrator position, and interrogatory No. 1 directed to the seasonal positions.[4] (D.I. 23.) Interrogatory No. 5 refers to relatives, friends, and neighbors of the hired individual. The State answered "unknown." Interrogatory No. 1 asks for the names of the persons appointed to the seasonal positions. The State objected, but answered the interrogatory stating that it is unable to provide the names of the persons placed in the seasonal positions as it does not possess the applications or interview notes. The State possesses voluntary affirmative action statements and produced the documents to Shahin.

Shahin complains that the interrogatories are not answered and the information is vital for determination of action of discriminatory practices in the hiring process. The State responds that it has provided all the information in its possession, and cannot provide more than it has already answered. The court has reviewed the State's answers to the interrogatories and finds them satisfactory. In addition, the court finds that any information regarding relatives, friends of neighbors of the hired individual in an attempt to show that individuals were hired based upon their relationships with others is irrelevant to the issues of national origin or age discrimination. For the above reasons, the court will deny the motion to compel.[5] (D.I. 23.)

---

[4]Shahin actually refers to interrogatory No. 4, but it appears from the text of the motion that interrogatory No. 5 is at issue.

[5]Similar to the motion to extend the discovery deadline, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-643-GMS; 07-644-GMS.) The court has denied Shahin's motion to consolidate these cases. Filings containing argument for all cases are confusing and sap precious court resources to sift through each motion to determine the applicable argument for each case. Shahin is placed on notice that, in the future, similar filings will be docketed, not considered, and

### C. Motion for Sanctions

Shahin filed a Rule 11(b)(2) motion for sanctions against defense counsel following submission of the State's response to Shahin's motion for summary judgment.[6] (D.I. 27, 30.) Shahin takes exception to defense counsel's argument in opposition to her motion. More particularly, she contends that a reference to case law is misplaced, defense counsel failed to provide legal support for the position that there are differing standards under Title VII for private and non-private discriminating employers, and defense counsel made the claim to "fool, denigrate, and deprive" Shahin of her rights under Title VII. (D.I. 30.) She seeks sanctions for defense counsel's misinterpretation and misapplication of the law.

The motion for sanctions has no merit. Therefore, the court will deny the motion. (D.I. 27.)

## IV. SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed

---

summarily denied. Shahin is required to file separate motions with separate argument for each case.

[6]Once again, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-643-GMS; 07-644-GMS.)

in the light most favorable to the nonmoving party and all reasonable inferences from the evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). If the court determines that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). With respect to summary judgment in a discrimination case, the court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987)).

      Shahin moves for summary judgment on the grounds that the State has failed to provide adequate reasons why internal, less qualified, and younger American born candidates were selected to the positions to which she applied. She further contends that summary judgment is appropriate pursuant to Fed. R. Civ. P. 37 because the State failed to provide discovery regarding the connections of the candidates with the family and friends of Delaware legislators and to

cooperate in discovery. The State opposes the motion and argues that Shahin has not established that she is entitled to judgment as a matter of law for failure to hire on the basis of national original discrimination under Title VII or by reason of age. It asks the court to dismiss the case with prejudice.[7]

### B. Discussion

#### 1. Age Discrimination in Employment Act

Under the ADEA, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a). The ADEA includes in its definition of employer "a State or political subdivision of a State. 29 U.S.C. § 630(b)(2). The Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) that Congress did not validly abrogate the states' sovereign immunity to suits by private individuals for suits filed pursuant to the ADEA. Therefore, the State is immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA. *See Shahin v. Delaware Dep't of Finance*, 344 F. App'x 765 (3d Cir. 2009) (not published). For the above reasons, the court will deny Shahin's motion for summary judgment as to her claim raised under the ADEA.

#### 2. Title VII - National Origin Discrimination

A plaintiff may prove national origin discrimination by direct evidence as set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-46 (1989), or indirectly through the familiar

---

[7]The State did not move for summary judgment. On November 19, 2008, the dispositive motion deadline, it asked the court to hold the dispositive motion deadline in abeyance due to the posture of the case and, at that time, Shahin's lack of prosecution of the case. (*See* D.I. 11, 16.)

burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Direct evidence" is evidence sufficient to allow the jury to find that "the decisionmakers placed substantial negative reliance on [national origin] in reaching their decision." *Price Waterhouse*, 490 U.S. at 277.

Shahin provided no direct evidence of discrimination by reason of her national origin. Because she failed to present direct evidence that she was not hired due to her national origin, the court turns to the *McDonnell Douglas* burden-shifting framework. Under this framework, Shahin must first establish a prima facie case of national origin discrimination by proving that: (1) she is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants' (3) that despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *McDonnell Douglas*, 411 U.S. at 802; *Sarullo v. United States Postal Service*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. 2007) (not published) The elements of a prima facie case may vary depending on the facts and context of the particular situation. *See Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 352 (3d Cir. 1999).

If plaintiff succeeds in establishing a prima facie case, the burden shifts to defendant employer to proffer "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If defendant meets this burden, the burden again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *McDonnell Douglas*, 411 U.S. at 804.

Under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). National origin is distinct from citizenship. For example, the prohibition of discrimination based on "national origin" does not prohibit discrimination on the ground of citizenship. *Id.* at 89 ("Congress did not intend the term 'national origin' to embrace citizenship requirements.").

Shahin alleges discrimination occurred when she applied for two different positions. She argues that, because the corporate administrator position was filled with an American who was an internal candidate, there was no actual competition for the position, and an outside candidate stood no chance of hiring regardless of qualifications. (D.I. 24.) Similarly, Shahin argues the seasonal corporation assistant positions were filled by Americans, three of whom were younger than forty years old, with unknown qualifications.[8]

The court makes two observations. First, the record does not provide Mendes' or the seasonal employees' national origins. Shahin argues, without supporting evidence, that the hired candidates are Americans. The evidence of record indicates only that Mendes is white and that the hired seasonal employees are both white and black, and in one case, white of Ukrainian origin. The record speaks to race, not national origin. In addition, the term American can refer to either national origin or citizenship. Shahin makes no distinction.

Second, the argument that the State hired internally, or hired those with family, friends, or political connections is not only a red herring, but also is not borne by the record. Mendes' application indicates that at the time she applied for the position she was unemployed, although

---

[8]As discussed above, Shahin's ADEA claims fail as a matter of law.

she had been a State employee in the past. Shahin's application, on the other hand, states that she was a present seasonal State employee when she applied for the position to which Mendes was appointed. Finally, whether the State hired internally, or hired those with family, friends or political connections, is not relevant to the issue of discrimination based upon national origin.

Based upon the record, at this juncture the court cannot conclude that Shahin has established a prima facie of discrimination. It is undisputed that Shahin is of Ukraine origin, that she was not hired for the positions to which she applied, and that she has excellent credentials. Shahin rests her evidence of discrimination solely upon own assertion that she was not hired because of her age and national origin when there is no evidence of Mendes' or the seasonal hirees' national origin. Shahin makes the leap from an unsuccessful employment quest to employment discrimination based upon her national origin when there is no evidence of record to support an inference of discrimination. *See Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published) (unsuccessful applicant for position did not establish prima facie case of discrimination because he did not present evidence of circumstances that raised an inference of discriminatory action; he did not establish causal nexus between his membership in protected class and decision not to hire him through mere assertion that he was not hired because of his age, race, national origin, or religion).

Shahin has not established a prima facie case of employment discrimination by reason of national origin. Therefore, the court will deny her motion for summary judgment. (D.I. 24.)

## V. CONCLUSION

For the above reasons, the court will deny all pending motions. (D.I. 22, 23, 24, 30.) An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Nov 29__, 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-642-GMS |
| | ) |
| STATE OF DELAWARE, Department of | ) |
| State, Division of Corporations, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 29th day of Nov., 2010, for the reasons set forth in the Memorandum issued this date;

1. The plaintiff's motion for extension of time to complete discovery is **denied**. (D.I. 22.)

2. The plaintiff's motion to compel is **denied**. (D.I. 23.)

3. The plaintiff's motion for summary judgment is **denied.** (D.I. 24.)

4. The plaintiff's motion for sanctions is **denied**. (D.I. 30.)

5. The plaintiff is placed on notice that filings containing argument for multiple cases will be docketed, not considered, and summarily denied. The plaintiff is required to file separate motions with separate argument in her pending cases.

_____
CHIEF, UNITED STATES DISTRICT JUDGE