# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 07-642-LPS |
| | : | |
| STATE OF DELAWARE, and | : | |
| DEPARTMENT OF STATE, DIVISION | : | |
| OF CORPORATIONS, | : | |
| | : | |
| Defendants. | : | |

Nina Shahin, Pro Se, Dover, Delaware.

     Plaintiff.

Laura L. Gerard, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.

     Attorney for Defendants.


## MEMORANDUM OPINION


April 8, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   **INTRODUCTION**

Plaintiff Nina Shahin ("Plaintiff") filed this action against Defendants the State of

Delaware ("the State") and Department of State, Division of Corporations ("Division of

Corporations") (together "Defendants") alleging employment discrimination and retaliation

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in

Employment Act ("ADEA").  (D.I. 2)  Presently before the Court is Defendants' motion for

summary judgment (D.I. 44), Plaintiff's opposition (D.I. 47) thereto, as well as Plaintiff's motion

for jury trial (D.I. 49) and motion for sanctions (D.I. 52), both opposed by Defendants (D.I. 51,

54).  For the reasons that follow, the Court will grant Defendants' motion for summary judgment

and will deny as moot Plaintiff's motions.

## II.   **PROCEDURAL BACKGROUND**

Plaintiff's charge of discrimination, dated December 11, 2006, asserts that Defendants

discriminated against her by reason of national origin (Ukrainian) and age, and retaliated against

her for previously filed charges of discrimination, when they did not hire her for corporations

section administrator and/or seasonal corporations assistant positions.  (D.I. 2 at charge of

discrimination)  Plaintiff filed her complaint on October 16, 2007.

The Court entered a Scheduling Order on March 20, 2008, setting a discovery deadline of

September 19, 2008 and a dispositive motion deadline of November 19, 2008.[1]  (D.I. 11)

Plaintiff served discovery requests (D.I. 17, 18) on Defendants on July 13, 2009, to which

---

[1]This case was originally assigned to Chief United States District Judge Gregory M. Sleet. It was reassigned to the undersigned judge on August 24, 2011.

1

Defendants responded (D.I. 19, 20) on August 12, 2009.  In March 2010, Plaintiff filed a request for an extension of time to complete discovery (D.I. 22) and, on May 4, 2010, she filed a motion for summary judgment (D.I. 24).  The motions were denied, and Plaintiff appealed to the United States Court of Appeals for the Third Circuit.  (*See* D.I. 33)  The appeal was dismissed for lack of appellate jurisdiction.  (D.I. 35)

Thereafter, the parties were ordered to submit status reports (D.I. 48), followed by entry of a second scheduling order (D.I. 52) on January 9, 2012, setting a new discovery deadline of July 9, 2012 and a new dispositive motion deadline of August 9, 2012.  Defendants served Plaintiff with discovery requests, but she did not respond to the requests (D.I. 53, 54, 55).  Defendants filed the pending motion for summary judgment on August 9, 2012.

## III.   **FACTUAL BACKGROUND**

Plaintiff applied for the positions of corporations section administrator (posting #S07-13) and seasonal corporations assistant.  Plaintiff is a white female, over fifty, of Ukranian descent.  (D.I. 2 Ex.)  She has two master's degrees: one in taxation and one in accounting.  (D.I. 20 at Corp642-21)  Her November 3, 2006 application stated that she was a present seasonal employee of the State as well as a past seasonal State employee.  (*Id.* at Corp.642-26)  She interviewed for the position of section administrator as advertised by the State.  In addition, she received a telephone call from Lisa Wildemuth who requested she provide three letters of evaluation from previous employers.  (D.I. 2 Ex.)  By letter dated October 8, 2006, Plaintiff was advised that she was not selected for the position.  (D.I. 20 at Corp642-20)  The charge of discrimination indicates that Plaintiff was denied employment by the State on November 13, 2006.  (D.I. 2)

Donna Mendes ("Mendes") was hired for the position of section administrator.  Mendes is a white female with eighteen years experience working for the Division of Corporations and five years experience as a supervisor.  (D.I. 19 at interrog. Nos. 1, 2 at 1)  Mendes is a high school graduate with some additional certifications.  (D.I. 20 at Corp642-01)  Her national origin is unknown.  Mendes was not employed at the time she was hired to the section administrator position, although she was a past employee of the State.  (*Id.* at Corp642-04)  Robert Mathers, Corporations Administrator, approved Mendes as the candidate selected for the position and she was appointed to the position on November 8, 2006.  (D.I. 19 at interrog. No. 6 at 3; D.I. 20 at Corp642-19)

Plaintiff also applied for the position of seasonal corporations assistant, but was not hired.  The State was unable to provide the educational background of the individuals hired for the seasonal positions as it does not possess the seasonal applications.  (D.I. 19 at interrog. No. 2 at 4)  It provided voluntary affirmative action statements for the seasonal corporations assistant positions.  The forms provide an area to indicate race/ethnicity.  Seven of the forms are marked "black" and six are marked "white."  (D.I. 20 at Corp642-6-18)  Of the six marked "white," written beside one is Ukrainian origin.  (*Id.* at Corp642-13)  Four of the five individuals who were appointed to the seasonal positions were under the age of forty.  (D.I. 19 at interrog. No. 1 at 3)  Three of the five appointees were black females.  (*Id.* at 3-4)  The national origin of the five appointees is unknown.

In the State's supplemental position statement to the Department of Labor, it denied that Plaintiff was discriminated against with regard to the seasonal positions, noted the interview process was not influenced by age or national origin, and stated the selected candidates were

3

chosen based upon their credentials. (D.I. 24 Ex. A) The State also denied the retaliation

allegations, stating that the interview panel had no knowledge that Plaintiff had filed a previous

charge of discrimination, and the hiring decisions were in no way influenced by her prior charge.

(*Id.*)

IV. **LEGAL STANDARDS**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine

issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed

must be supported either by citing to "particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for the purposes of the motion only), admissions, interrogatory answers, or

other materials," or by "showing that the materials cited do not establish the absence or presence

of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the

nonmovant must then "come forward with specific facts showing that there is a genuine issue for

trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all

reasonable inferences in favor of the nonmoving party, and it may not make credibility

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133,150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podohnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

With respect to summary judgment in a discrimination case, the Court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987).

5

Defendants move for summary judgment, or in the alternative for dismissal, on the basis that there are no genuine issues as to any material fact and they are entitled to judgment as a matter of law. Plaintiff opposes the motion on the grounds that she did not receive the January 9, 2012 scheduling order found at Docket Item 40. Plaintiff did not file a substantive response to the motion.

## V.   DISCUSSION

### A.   Scheduling Order

Plaintiff contends that the instant motion for summary judgment should not be considered because she did not receive a service copy of the January 9, 2012 scheduling order. She argues that this is "another gross violation" of her constitutional rights of due process and equal protection because the order was communicated to only one party. Plaintiff argues that, unless the Court establishes a new scheduling order, granting Defendants' motion for summary judgment will violate her right to due process and equal protection.

The Court docket receipt for the January 9, 2012 scheduling order indicates that it was sent to Plaintiff at her address of record. It was not returned as undeliverable. In addition, the Court docket reflects that Plaintiff propounded discovery upon Defendants and they responded to her requests. Conversely, Defendants served discovery (D.I. 41, 42, 43) upon Plaintiff, but she did not respond to the discovery. Plaintiff states that she never received the discovery requests and demanded proof of mailing. (*See* D.I. 50) Defendants provided Plaintiff with Federal Express tracking documents confirming delivery to Plaintiff's address.

The Court finds Plaintiff's position unavailing. The Court docket indicates that the scheduling order was sent to Plaintiff's address of record and it was not returned as

6

undeliverable.  Similarly, the record reflects that Defendants served Plaintiff with their discovery

requests.  Notably, there is nothing in the record to indicate that Plaintiff's ability to litigate this

matter was hampered in any way.  To the contrary, Plaintiff was provided with the discovery she

sought, while Defendants were not.

**B.     Age Discrimination**

Plaintiff alleges that Defendants discriminated against her on the basis of age, in violation

of the ADEA.  She seeks damages and injunctive relief.  The ADEA includes in its definition of

employer "a State or political subdivision of a State and any agency . . . of a state." 29 U.S.C.

§ 630(b)(2).  The Supreme Court has held that, in the ADEA, Congress did not abrogate the

states' sovereign immunity to suits for money damages by private individuals under the Eleventh

Amendment.  *See Kimel v. Florida  Bd. of Regents*, 528 U.S. 62 (2000).  While the Eleventh

Amendment permits suits for prospective injunctive relief against state officials, *see Ex Parte

Young*, 209 U.S. 123 (1908), this doctrine "has no application in suits against the States and their

agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth.

v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted).

Plaintiff filed her suit against the State of Delaware and its Department of State.  She did

not name any state officials.  Defendants are immune from suit.  Therefore, the Court will grant

the motion for summary judgment on the ADEA claims.

**C.     National Origin Discrimination**

Plaintiff alleges she was not hired due to her national origin.  Defendants seek summary

judgment on the grounds that Plaintiff failed to establish a prima facie case of discrimination and,

alternatively, they have articulated a legitimate, nondiscriminatory reason for selecting the candidates they did.

Plaintiff has provided no direct evidence of discrimination by reason of her national origin.[2] Thus, the Court turns to the *McDonnell Douglas* burden-shifting framework. Under this framework, Plaintiff must first establish a prima facie case of discrimination by proving that: (1) she is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. Aug. 3, 2007).

If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant employer to proffer a "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If the defendant meets this burden, the burden again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *See McDonnell Douglas*, 411 U.S. at 804.

Here, Plaintiff alleges discrimination occurred when she applied for two different positions. Plaintiff has argued that because the corporate administrator position was filled with

---

[2]Under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973).

[3]Defendants presume from the face of the Complaint Plaintiff's membership in a protected class and her failure to be hired, but they dispute whether her qualifications are established on the present record. (*See* D.I. 45 at n.1)

an American who was an internal candidate, there was no actual competition for the position, and an outside candidate stood no chance of being hired regardless of qualifications. (*See* D.I. 24) Similarly, Plaintiff has argued that the seasonal corporation assistant positions were filled by Americans, three of whom were younger than forty years old, with unknown qualifications. (*See id.*)[4]

There is no evidence of record of Mendes' or the seasonal employees' national origins. The evidence of record indicates only that Mendes is white and that the hired seasonal employees are both white and black, and in one case, white of Ukrainian origin.

Based upon the record, the Court finds that Plaintiff has failed to establish a prima facie of national origin discrimination. It is undisputed that Plaintiff is of Ukrainian origin, that she was not hired for the positions to which she applied, and that she has excellent credentials. Plaintiff rests her evidence of discrimination solely upon own assertion that she was not hired because of her age and national origin when there is no evidence of Mendes' national origin or the national origin of the employees who were seasonally hired. Plaintiff makes the leap from an unsuccessful employment application to employment discrimination based upon her national origin when there is no evidence of record to support an inference of discrimination. *See Iyer v. Everson*, 238 F. App'x 834 (3d Cir. Aug. 3, 2007) (unsuccessful applicant for position did not establish prima facie case of discrimination because he did not present evidence of circumstances that raised an inference of discriminatory action; he did not establish causal nexus between his membership in protected class and decision not to hire him through mere assertion that he was not hired because of his age, race, national origin, or religion).

---

[4]As discussed above, Plaintiff's ADEA claims fail as a matter of law.

Alternatively, even if Plaintiff could make out a prima facie case of age and national

origin discrimination, she has not produced evidence from which a reasonable juror could find

that Defendants' reasons for their employment decisions were a pretext for discrimination.

When a plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant-

employer to proffer a "legitimate non-discriminatory" reason for its actions. *Woodson*, 109 F.3d

at 920 n.2. If defendant meets this burden, the burden again shifts to the plaintiff to demonstrate,

by a preponderance of the evidence, that the employer's rationale is pretextual. *See McDonnell*

*Douglas*, 411 U.S. at 804. To do this, the plaintiff must "point to some evidence, direct or

circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's

articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more

likely than not a motivating or determinative cause of the employer's action." *Fuentes v.*

*Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "[T]o avoid summary judgment, the plaintiff's

evidence rebutting the employer's proffered legitimate reasons must allow a factfinder

reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a

post hoc fabrication or otherwise did not actually motivate the employment action (that is, the

proffered reason is a pretext)." *Harding v. Careerbuilder, LLC*, 168 F. App'x 535, 537 (3d Cir.

Feb. 27, 2006) (internal citations and quotation marks omitted).

Defendants have met their burden by articulating a legitimate, nondiscriminatory reason

for not hiring Plaintiff. The successful candidates were hired based upon their credentials,

particularly the corporate administrator position that was filled by an individual with eighteen

years experience working for the State and five years experience as a supervisor. Nothing before

the Court conflicts with Defendants' proffered reason for their failure to hire Plaintiff. Nor is

Defendants' proffered reason for their action weak, incoherent, implausible, or inconsistent. *See Sarullo*, 352 F.3d at 800. Even construing the evidence in the light most favorable to Plaintiff, she has provided no evidence from which a fact-finder could either disbelieve Defendants' articulated reason or believe that a discriminatory reason was more likely than not the cause of the employment action. Thus, the Court will grant Defendants' motion for summary judgment on the issue of national origin employment discrimination.

### D.   Retaliation

Plaintiff appears to allege that she was not hired by Defendants in retaliation for previously filed charges of discrimination. To the extent she raises such a claim, the claim fails.

To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007). Here, no reasonable juror could find for Plaintiff on the retaliation issue. There is no evidence of record that an adverse employment action was taken after, or contemporaneous with, a protected activity. The record reflects that the interview panel had no knowledge that Plaintiff had filed a previous charge of discrimination, and the hiring decisions were in no way influenced by her prior charge. Because there is no evidence of a nexus between the filing of a charge of discrimination and Defendants' hiring decision, the retaliation claim fails.

11

## VI.    CONCLUSION

For the above reasons, the Court will grant Defendants' Motion for Summary Judgment

(D.I. 44) and will deny as moot Plaintiff's Motion for Jury Trial (D.I. 49) and Motion for

Sanctions (D.I. 52)

An appropriate Order follows.